## COLOMB & ISELIN *vs.* THE BR. BANK AT MOBILE.

1. A non-resident, against whom a final decree has been rendered without appearance or personal service, may file a petition for the rehearing of the cause, within three years from the rendition of the decree, although he has never been within the limits of the State.
2. In such case, the petition need only set forth the proceedings, or make such reference to them as will show the condition of the cause, and state the non-residence of the petitioner, and that his application is made within three years from the date of the decree.

ERROR to the Chancery Court of Mobile. Tried before the Hon. J. W. Lesesne.

P. HAMILTON, for the plaintiffs.

J. T. TAYLOR, for the defendant.

DARGAN, C. J.—The original bill in this case was against Charles Auze alone, to foreclose a mortgage on certain real estate in the city of Mobile. It was afterwards amended and the appellants and others made defendants. The material allegations of the amended bill are as follows: "That J. Lakens & Co., a mercantile firm, the names of the several partners of which are unknown, Felix Colomb and John A. Iselin, merchants and partners in trade, under the firm and style of Colomb & Iselin, have, or claim to have, some interest in said premises, which claim or interest is subordinate to the mortgage of the complainant, and the same arises from some transfer of the premises, subsequent to the execution of the mortgage; wherefore the complainant prays they may be made defendants," &c. Affidavit was, also, made that the appellants resided in the city of New York, and publication was duly made according to the statute, and notice thereof sent by mail to them. The bill not being answered by any of the defendants, a decree *pro confesso* was rendered thereon, and the premises sold; but within three years from the rendition of the decree, the appellants filed a petition, setting forth the rendition of the decree and the mortgage executed to the Bank, and also the amended bill, by which they were made parties. It is also alleged in the petition that they are non-residents, and were at the time of the

Colomb & Iselin v. Br. Bank at Mobile.

filing of the bill, and that they resided then, and still reside, in the State of New York. It is further shown that three years had not elapsed before the filing the petitition, and that the petitioners had tendered the costs of the suit to the Bank, which had been refused. They offer still to pay the cost, and pray to be heard touching the matters of said decree, and that they may answer the bill as amended, that the cause may be re-heard, and such proceedings had as if no decree had been rendered in the premises. This petition was served upon the Bank, which by its attorney filed several objections to it, among which are, that the petitioners had not appeared within the State, nor placed themselves within the jurisdiction of the court, and that the petitioners have not shown by their petition that they have any interest in the subject matter of the decree. The chancellor refused to set aside the decree, but gave leave to file an answer, and also stated in his decree that, if it should appear from the answer, that the petitioners had sufficient cause or matter of defence, he would then re-hear the cause, but not otherwise. From this decree an appeal was taken to this court,—and it is now assigned as error.

It is contended that the petition should have been dismissed, because it did not show that the petitioners had appeared within the State, and therefore they had not submitted themselves to the jurisdiction of the court. Upon an examination of the statute, it will be found, that non-resident defendants need not come personally within the State, in order to entitle themselves to the right to petition for a rehearing of the cause. By becoming publicly visible within the State, within two years from the rendition of the decree, an absent defendant becomes entitled to be served with a copy of the decree within a reasonable time after his residence, or public appearance in the State, is made known to the complainant, and then such defendant will have one year, from the time of the service of the copy of such decree upon him, to petition the court to re-hear the cause.—Clay's Dig. 353, §§ 45-6. But although he may never have been within the limits of the State, yet he may, within three years from the rendition of the decree, petition the chancellor to be heard touching the matter of the decree.—Clay's Dig., § 47.

2. Does the petition show sufficient cause for a re-hearing? We have adopted no rules of practice in regard to the form of

the petition for a re-hearing, nor what shall appear upon its face. We must, therefore, form our opinion from the statute, that gives the right, and, also, from the rule of practice, which prevails in such cases in the English courts of chancery. It is well settled, I think, in those courts, that a petition for a re-hearing need not state the grounds upon which the re-hearing is sought. True, it may do so, but if they be not stated, the petition cannot be held defective for that reason.—3 Daniel's Ch. Prac. 1622-23.

The statute, under which this petition was filed, does not prescribe what the petition shall set forth, but in the cases mentioned in the act, it is simply provided, that the defendant may appear and petition to be heard touching the matter of the *decree*. Under this act, and the chancery practice, as it prevails in England, I think, that the petition need only set forth the proceedings, or make sufficient reference to them to show the condition the cause is in, and, also, show that the petitioner was a non-resident defendant, and that his application is made within the time prescribed by the act, and then conclude with an appropriate prayer. The petition in the case before us fully comes up to these requisites. I was at first struck with the objection, that the petitioners did not show that they had any interest in the subject matter of the controversy, but, upon reflection, I do not think that objection can prevail. They are made defendants by the bill, and it is avered that they have an interest. This entitles them to appear and petition to have the cause re-heard, and as the statute does not require that they should set forth their title in the petition, we cannot, unless we adopt a rule of practice, not required by the act, nor sanctioned by the chancery practice. We, therefore, think the chancellor should have set aside the decree and allowed the defendants to answer the bill, and to have proceeded as the act in such cases requires.

Let the decree of the chancellor be reversed and the cause remanded for further proceedings.